UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WASHINGTON,

       Petitioner,

                                          Criminal No. 10-cr-20769-02
v.                                         Civil No. 12-13457
                                          Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART
PETITIONER'S MOTION TO CORRECT HIS SENTENCE**

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         June 9, 2014

        PRESENT:  Honorable Gerald E. Rosen
                            Chief Judge, United States District Court

      Following a guilty plea pursuant to a Rule 11 plea agreement, Petitioner Anthony Washington was sentenced in a January 26, 2012 judgment to a 50-month term of imprisonment, with this sentence to be served consecutively to a sentence Petitioner was then serving with the Michigan Department of Corrections.  Petitioner did not pursue a direct appeal of his conviction or sentence, having waived these rights of appeal in his Rule 11 plea agreement.  Through the present motion brought under 28 U.S.C. § 2255, as well as a motion to amend this initial § 2255 motion, Petitioner challenges his sentence on three grounds, arguing that his counsel provided ineffective assistance at his sentencing hearing by (i) failing to object to the assessment in the presentence investigation report

("PSIR") of two criminal history points for Petitioner being "on bond" at the time he committed one of the offenses of conviction, (ii) failing to challenge the purported failure to grant Petitioner an additional one-point reduction in his offense level for acceptance of responsibility, and (iii) failing to object to the imposition of a federal sentence consecutive to, rather than concurrent with, his state sentence. As discussed below, the Court finds that Petitioner has demonstrated the ineffective assistance of his trial counsel with respect to the first of these sentencing challenges, and that Petitioner therefore is entitled to resentencing by reference to a recalculated sentencing guideline range of 51 to 63 months of imprisonment.

As noted at the outset, Petitioner agreed in his Rule 11 plea agreement to "waive[] any right he may have to appeal his conviction," and this agreement further provided that Petitioner "waive[d] any right he may have to appeal his sentence" so long as the sentence imposed by the Court did not "exceed the maximum allowed" under the plea agreement. (Rule 11 Plea Agreement at § 7.) This latter waiver was triggered by the Court's 50-month sentence — a term of imprisonment that fell below the sentencing guideline ranges specified in the plea agreement and calculated in Petitioner's PSIR — and Petitioner therefore did not seek to appeal his conviction or sentence. Ordinarily, this lack of a direct appeal would be fatal to Petitioner's present request for relief from his judgment of conviction, because sentencing challenges of the sort advanced by Petitioner here "generally cannot be made for the first time in a post-conviction § 2255 motion."

*Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001). A defendant may overcome this usual rule, however, through "a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Weinberger,* 268 F.3d at 351. Accordingly, the Court turns to the question whether Petitioner can identify a deficiency of constitutional dimension in the performance of his counsel at sentencing.

The PSIR prepared in advance of Petitioner's sentencing calculated a sentencing range of 63 to 78 months of imprisonment under the United States Sentencing Guidelines, based on a total offense level of 22 and a criminal history in category IV. (*See* PSIR at ¶ 80.)[1] Petitioner's criminal history determination, in turn, rested in part on two criminal history points added because Petitioner was "on bond at the time he committed the instant offense." (PSIR at ¶ 51.) As acknowledged by the Government and by the probation officer who prepared Petitioner's PSIR, this addition of criminal history points for being "on bond" was erroneous. (*See* Gov't Response Br. at 4.) The Government further concedes that because Petitioner's counsel failed to detect this error and raise an appropriate objection at sentencing, Petitioner has demonstrated a deficiency in his

---

[1] This sentencing range was considerably lower than the anticipated 151-to-188-month Sentencing Guideline range set forth in Petitioner's Rule 11 agreement. (*See* Rule 11 Plea Agreement at § 2(B).) The computation in the plea agreement rested on the premise that Petitioner qualified as a career offender, but as the Court explained at sentencing, the probation officer who prepared Petitioner's PSIR determined that one of Petitioner's other convictions was not properly considered a "prior" offense that should count toward career offender status. (*See* 1/26/2012 Sentencing Hearing Tr. at 4; *see also* PSIR at ¶ 104.)

3

counsel's performance that satisfies the first prong of the *Strickland* test. (*See id.*) It remains only to inquire, under the second prong of the *Strickland* standard, whether Petitioner can show that he "was prejudiced by counsel's deficient performance." *United States v. Mitchell,* No. 08-20022, 2014 WL 290065, at *7 (E.D. Mich. Jan. 27, 2014). In the present context, Petitioner "must show a reasonable probability that, but for counsel's error[], [his] sentence would have been different." *Weinberger,* 268 F.3d at 352.

In its response to Petitioner's present motion, the Government suggests that this showing of prejudice cannot be made here. If Petitioner's counsel had successfully challenged the addition of two criminal history points for being "on bond," the Government acknowledges that Petitioner's criminal history would have been reduced from category IV to category III, resulting in a lower Sentencing Guideline range of 51 to 63 months. (*See* Gov't Response Br. at 2 & n.1.) Yet, because Petitioner ultimately received a 50-month sentence that was below even this reduced 51-to-63-month sentencing range, the Government maintains that "Petitioner cannot show that but for his counsel's inadvertent mistake, the court would have given him a different sentencing result other than the fifty (50) month sentence he received." (*Id.* at 5.)

The Court, however, views the record as establishing the requisite "reasonable probability" that a corrected Sentencing Guideline range of 51 to 63 months would have produced a lower sentence than Petitioner's 50-month term of imprisonment. The 50-month sentence imposed by the Court represented a 13-month downward departure from

4

the lower bound of the 63-to-78-month Sentencing Guideline range computed in Petitioner's PSIR. As observed at Petitioner's sentencing, this was in line with the Government's recommendation, in a motion brought under Chapter 5 of the Sentencing Guidelines, that the Court consider a 20-percent downward departure from Petitioner's sentencing range. (*See* 1/26/2012 Sentencing Hearing Tr. at 6.) Presumably, then, if the Court had applied this same 20-percent standard to the corrected Sentencing Guideline range of 51 to 63 months, Petitioner would have received a sentence of roughly 40 months, rather than the 50-month sentence actually imposed by the Court. It seems unlikely, in any event, that the Court would have granted a downward departure of only one month from the lower bound of the corrected 51-to-63-month sentencing range. Indeed, the Government seemingly concedes as much, stating in its response to Petitioner's motion that it "would not object" to a resentencing hearing at which Petitioner "could then get the benefit of the government's motion, previously made pursuant to Chapter 5 of the United States Sentencing Guidelines, as applied to his correct guideline range of 51-63 months." (Gov't Response Br. at 5.)

Accordingly, the Court finds that Petitioner has established both prongs of the *Strickland* standard for demonstrating the ineffective assistance of counsel, by virtue of his counsel's failure to object to the addition of two criminal history points for Petitioner being "on bond" at the time he committed the offenses to which he pled guilty in this case. In light of this deficiency in counsel's performance, Petitioner must be resentenced

by reference to the corrected Sentencing Guideline range of 51 to 63 months, with the Court again considering pursuant to the Government's previously-filed motion whether a downward departure from this advisory sentencing range is warranted.  Through forthcoming orders, the Court will set a date for a resentencing hearing, and will appoint new counsel to represent Petitioner at this hearing.[2]

      For these reasons,

---

[2]As noted earlier, Petitioner has identified two other purported deficiencies in his counsel's performance at his January 26, 2012 sentencing hearing.  First, he suggests that he was awarded only a two-point reduction in his offense level for acceptance of responsibility, and that counsel failed to argue that he was entitled to an additional one-point reduction for acceptance of responsibility under § 3E1.1(b) of the Sentencing Guidelines.  Yet, as expressly stated in the PSIR, Petitioner was in fact granted a three-point reduction in his offense level for acceptance of responsibility, lowering his total offense level from 25 to 22.  (*See* PSIR at ¶ 42.)  Accordingly, this sentencing challenge lacks merit.

      Petitioner next challenges his counsel's failure to object to the Court's determination that his 50-month federal sentence should be served consecutively to, rather than concurrently with, a state sentence he was then serving.  The Government has failed to address this issue in its response to Petitioner's motion.  In light of the Court's ruling that Petitioner is entitled to resentencing, Petitioner and his counsel may address the matter of consecutive versus concurrent sentencing at the forthcoming hearing to be set by the Court.  The Court, of course, expresses no view as to whether there is a basis for any such challenge.

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's motion under 28 U.S.C. § 2255 to correct his sentence (docket #32) is GRANTED IN PART. In accordance with the rulings in the present opinion and order, the Court will convene a hearing at which Petitioner's current 50-month sentence will be set aside and a new sentence determined and imposed.

                s/Gerald E. Rosen
                Chief Judge, United States District Court

Dated: June 9, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2014, by electronic and/or ordinary mail.

                s/Julie Owens
                Case Manager, (313) 234-5135